100 P.3d 26

**STATE of Arizona, Appellee,**

v.

**Warren Spencer KUNTZ, Appellant.**

**No. 1 CA–CR 03–0180.**

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 28, 2004.

---

Terry Goddard, Attorney General, By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Kerri L. Chamberlin, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Sherman Jensen, P.C., By Sherman Jensen, Prescott, Attorneys for Appellant.

## OPINION

TIMMER, Judge.

¶ 1 Warren Spencer Kuntz, a registered sex offender, appeals the judgment entered after the trial court found him guilty of violating Arizona Revised Statutes ("A.R.S.") sections 13–3822, and –3824 (2001) by failing to timely inform the Yavapai County Sheriff of an address change. Kuntz originally registered as a sex offender upon moving to Arizona based on his 1982 Minnesota conviction for third-degree criminal sexual conduct, but now maintains that he was not required to register. He therefore contends the trial court erred by concluding that he violated § 13–3822 by failing to inform the sheriff of an address change. To resolve this issue, we must delineate the evidence the trial court can examine to determine whether a person convicted in another jurisdiction must register in Arizona as a sex offender. For the reasons that follow, we reverse.

## BACKGROUND

¶ 2 In 1982, pursuant to the terms of a plea agreement, the Olmsted County, Third Judicial District of the Minnesota District Court convicted Kuntz of committing third-degree criminal sexual conduct in 1981. In June 2001, pursuant to a letter from the Yavapai County Sheriff's Office indicating that he must register under A.R.S. § 13–3821(A) (2001), Kuntz registered as a sex offender in that County.[1] A person must register with the sheriff of the county in which he or she resides if convicted of one of several offenses listed in § 13–3821(A). Additionally, a person "who has been convicted of an offense committed in another jurisdiction that if committed in this state would be a violation or attempted violation of" one of the listed offenses must register as a sex offender. A.R.S. § 13–3821(A). According to the State, Kuntz was required to register as a sex offender because he was convicted of the Minnesota offense, which, if committed in Arizona, would have constituted sexual assault in violation of A.R.S. § 13–1406, a listed offense. See A.R.S. § 13–3821(A)(5). Because Kuntz subsequently failed to inform the county sheriff of a change in address as required by A.R.S. § 13–3822, the State charged him with violating that provision.

¶ 3 Kuntz waived his right to a jury trial and the parties submitted the case to the trial court for a decision on the record. Significantly, the State provided the court with certified copies of the following records from the Minnesota court: (1) a pre-sentence investigation report dated October 7, 1982, (2) a transcript of sentencing proceedings held on November 24, 1982, and (3) a certificate from the clerk of the court stating that on November 24, 1982 the court convicted Kuntz of "[c]riminal sexual conduct 3rd degree, felony" and sentenced him to the Commissioner of Corrections for 24 months. Kuntz did not submit any evidence but instead moved for a judgment of acquittal, contending that the State had failed to prove that the Minnesota offense was "an offense committed ... in

---

1. Originally, Kuntz registered with Maricopa County on November 1, 1983. Eventually, he moved to Yavapai County. After receiving the letter from the Sheriff's office on May 18, 2001, he registered with Yavapai County. On November 14, 2001, the Prescott Police Department discovered that Kuntz's address as listed with the Department of Motor Vehicles varied from that listed on Kuntz's Yavapai County sex offender registration.

another jurisdiction which if committed in this state would be a violation or attempted violation of [Arizona's sexual assault statute, A.R.S. § 13–1406]." A.R.S. § 13–3821.

¶ 4 On December 24, 2002, the trial court denied Kuntz's motion and found him guilty of the charged offense based on its review of the State's exhibits. The court did not specify what aspects of the exhibits it considered in reaching its ruling. After sentencing, this appeal followed.

## DISCUSSION

■■■ ¶ 5 Kuntz argues that the trial court erred in applying A.R.S. § 13–3821(A) because the court necessarily and incorrectly relied on facts underlying his Minnesota conviction to conclude that if he had committed that offense in Arizona he would have committed sexual assault in violation of § 13–1406, requiring him to register as a sex offender. He contends the court was restricted to comparing the elements of the respective state offenses as they existed in 1981 in deciding whether his actions committed in Minnesota would have resulted in a conviction under § 13–1406 if committed in Arizona. When this is done, he asserts, we must conclude that the fact of his Minnesota conviction did not sufficiently prove that his Minnesota actions would have resulted in his conviction under § 13–1406 if committed in Arizona. The State agrees that the court was required to compare the 1981 versions of the applicable Minnesota and Arizona statutes,[2] but contends that the court was entitled to consider more than the fact of Kuntz's Minnesota conviction in entering its decision. Whether the trial court properly applied § 13–3821(A) is a question of law that we review de novo. See Maricopa County Juv. Action No. JT30243, 186 Ariz. 213, 216, 920 P.2d 779, 782 (App.1996).

¶ 6 As Kuntz contends, no Arizona court has issued an opinion delineating the evidence that can be used to determine if an offense committed in another jurisdiction would be a violation of any of the offenses listed in § 13–3821(A). Consequently, he urges us to follow cases that have addressed the question in the context of various sentencing statutes to conclude that the court can only consider the statutory definitions of the offenses and the judgment of conviction. The State asks us to confine the holdings in these cases to the sentencing context.

¶ 7 In State v. Schaaf, 169 Ariz. 323, 333, 819 P.2d 909, 919 (1991), the supreme court applied A.R.S. § 13–703(F)(2), which sets forth an aggravating circumstance for use in imposing the death penalty if "[t]he defendant was previously convicted of a felony in the United States involving the use or threat of violence on another person." The defendant in Schaaf contended that his prior Nevada convictions for attempted murder with a deadly weapon did not qualify as aggravating circumstances under this provision because attempted murder is a non-violent crime in Nevada. 169 Ariz. at 333, 819 P.2d at 919. The State countered that it had proved the applicability of § 13–703(F)(2) by introducing documentary evidence of the convictions and through testimony from one of the victims of the Nevada offenses. Id. The court rejected the State's reliance on the victim's testimony, noting the long-standing principle that in order to qualify as an aggravating circumstance under § 13–703(F)(2), "the statutory definition of the prior conviction must involve violence or the threat of violence on another person." Id. (emphasis in original). Thus, the State was required to show that the particular offense could "be perpetrated only with the use or threat of violence." Id. at 333–34, 819 P.2d at 919–20. "The court then may consider only the statute that defendant is charged with violating; it may not

2. Because the State took the opposite view before the trial court, arguing that the court should compare the 1981 version of the Minnesota statute to the 2002 version of A.R.S. § 13–1406, Kuntz raised the issue on appeal. The record does not reflect whether the court adopted the State's view. Regardless, we agree with the State's position on appeal that the court was required to compare the 1981 versions of the applicable Minnesota and Arizona statutes. See State v. Decker, 172 Ariz. 33, 34, 833 P.2d 704, 705 (1992) (holding for purposes of sentence enhancement under A.R.S. § 13–604, statute underlying foreign conviction must be compared to Arizona statute in effect at time of offense in deciding whether offense would have been punishable as a felony if committed in Arizona).

consider other evidence, or bring in witnesses, to establish the violence element." *Id.* at 334, 819 P.2d at 920. The court reasoned that this rule is needed to guarantee that a criminal defendant's due process rights will not be violated by allowing what is, in effect, a second trial on a prior conviction to establish the existence of an aggravating circumstance. *Id.* at 333–34, 819 P.2d at 919–20; *see also State v. Gillies,* 135 Ariz. 500, 511, 662 P.2d 1007, 1018 (1983).

¶ 8 In *State v. Ault,* 157 Ariz. 516, 518, 759 P.2d 1320, 1322 (1988), the supreme court considered the reach of A.R.S. § 13–604(N) (1984), which mandates a life sentence without eligibility for release for 25 years for a defendant convicted of a serious offense if that defendant had previously been convicted of two or more serious offenses. A "serious offense" was defined as one "committed in this state or any offense committed outside this state which if committed in this state would constitute one of [a] following [list of] offenses." *Ault,* 157 Ariz. at 518, 759 P.2d at 1322 (citing A.R.S. § 13–604(O) (1984)). In deciding that the *Ault* defendant's California convictions constituted "serious offenses," the court stated that it "must be sure that the juries in the prior cases actually found beyond a reasonable doubt every element that would be required to prove [a listed] Arizona offense." 157 Ariz. at 521, 759 P.2d at 1325. Consequently, the court compared the elements of the California and Arizona offenses to conclude that the trial court had correctly ruled on the matter. *Id.; see also Cherry v. Araneta,* 203 Ariz. 532, 535, ¶¶ 11–12, 14, 57 P.3d 391, 394 (App.2002) (concluding for purpose of determining applicability of A.R.S. § 13–901.01(B) (2001) that trial court examines elements of crime underlying prior conviction to determine if it is a violent crime); *State v. Clough,* 171 Ariz. 217, 219–20, 829 P.2d 1263, 1265–66 (App.1992) (holding strict conformity required between elements of foreign offense and Arizona offense before sentence enhancement under A.R.S. § 13–604(I) (1989) can apply).

¶ 9 The State argues that these cases are distinguishable because they dealt with sentencing provisions rather than a provision defining a criminal offense. According to the State, because it is entitled to present all admissible evidence during a trial concerning a criminal offense, the court properly considered the pre-sentence report and sentencing transcript in deciding whether Kuntz's Minnesota conviction also proved sexual assault under A.R.S. § 13–1406. We disagree. The due process concerns expressed by the supreme court in *Schaaf,* 169 Ariz. at 333–34, 819 P.2d at 919–20, as the reason for precluding consideration of evidence other than the judgment of conviction and the elements of the relevant offenses are equally viable when the conviction is a substantive element of the crime as opposed to a sentencing enhancement. Consideration of events underlying the foreign conviction that are not necessarily part of the conviction would, in effect, constitute a prohibited second trial concerning that crime. *Schaaf,* 169 Ariz. at 333–34, 819 P.2d at 919–20. We therefore decide that Kuntz was required to register as a sex offender under A.R.S. § 13–3821(A) only if proof of the elements of criminal sexual conduct in the third degree (the Minnesota offense) necessarily proved sexual assault (the Arizona offense).

¶ 10 In 1981, Minnesota defined the offense of criminal sexual conduct in the third degree as follows:

A person is guilty of criminal sexual conduct in the third degree ... if he engages in sexual penetration with another person and any of the following circumstances exists:

(a) The complainant is under 13 years of age and the actor is no more than 36 months older than the complainant....

(b) The complainant is at least 13 but less than 16 years of age and the actor is more than 24 months older than the complainant....

(c) The actor uses force or coercion to accomplish the penetration; or

(d) The actor knows or has reason to know that the complainant is mentally defective, mentally incapacitated, or physically helpless.

Minn.Stat. ("M.S.") § 609.344 (1980). A person committed sexual assault in Arizona in 1981 by "intentionally or knowingly engaging in sexual intercourse or oral sexual contact

with any person not his or her spouse without consent of such person." A.R.S. § 13–1406(A) (1978).

¶ 11 Comparing the elements in the above-quoted statutes,[3] we must conclude that Kuntz's conviction under M.S. § 609.344 did not necessarily prove that if he had committed the offense in Arizona he would have violated A.R.S. § 13–1406(A). First, if Kuntz was convicted of violating subsections (a), (b), or (d) of § 609.344, which are not dependent on the victim's lack of consent, he would not have violated § 13–1406(A), which is dependent on the victim's lack of consent. Second, unlike the 1981 version of § 13–1406(A), § 609.344 did not require proof that the victim was not the defendant's spouse. Third, and finally, assuming the Minnesota court convicted Kuntz of violating subsection (c) of § 609.344, because the meaning of "force" under that provision is broader than the meaning of the term "without consent" as used in § 13–1406(A), conviction under the former does not necessarily prove the elements of the latter. Specifically, Minnesota defined "force" to include the "commission or threat of any other crime by the actor against the complainant or another," while Arizona limited "without consent" to mean "coerced by the immediate use or threatened use of force." *See* M.S. § 609.341(3) (1980); A.R.S. § 13–1401(5) (1978). Thus, it was possible to use "force" under M.S. § 609.344 by committing or threatening to commit a crime not involving the use or threat of physical force, such as extortion.

¶ 12 Because it was possible for Kuntz to violate M.S. § 609.344 and not also violate A.R.S. § 13–1406(A), we decide that he was not required to register as a sex offender under A.R.S. § 13–3821(A). It follows therefore that he was not required to notify the county sheriff of a change in residence. Consequently, we reverse Kuntz's conviction for

violating A.R.S. § 13–3822 and the resulting sentence.

### CONCLUSION

¶ 13 For the foregoing reasons, we decide the trial court may consider only the judgment of a foreign conviction and compare the elements of the foreign offense with the corresponding Arizona offense existing at the time of the conviction to determine if a person "has been convicted of an offense committed in another jurisdiction that if committed in this state would be a violation or attempted violation of" one of the offenses listed in A.R.S. § 13–3821(A). Because Kuntz's 1982 conviction of a Minnesota offense did not necessarily reflect that his misdeeds would have resulted in a conviction of one of the offenses listed in § 13–3821(A), he was not required to register as a sex offender in Arizona or later advise the county sheriff of an address change. We therefore reverse Kuntz's conviction and resulting sentence.

CONCURRING: PHILIP HALL, Presiding Judge and DONN KESSLER, Judge.

---

3. The record does not contain the judgment of the Minnesota conviction, so we do not know if it incorporated the amended criminal complaint. However, the certificate of conviction from the clerk of the Minnesota court neither incorporates the amended complaint nor specifies the subsection of M.S. § 609.344 that Kuntz was convicted of violating. Thus, we must compare the entirety

of § 609.344 with § 13–1406(A) to determine whether Kuntz's conviction for violating the former proved that he also violated the latter. *See State v. Thompson,* 186 Ariz. 529, 532, 924 P.2d 1048, 1051 (App.1996) (concluding court can also consider indictment if incorporated by reference into judgment of conviction).