NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CRAIG ALLAN GOLLIHAR, *Appellant.*

No. 1 CA-CR 14-0757
FILED 8-13-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201301522
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Daniel DeRienzo, PLLC, Prescott Valley
By Daniel J. DeRienzo
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Patricia A. Orozco joined.

**P O R T L E Y**, Judge:

**¶1** Defendant Craig A. Gollihar appeals his conviction and the resulting sentence for kidnapping, a class two felony. He argues that the trial court erred by denying his motion to admit evidence of the victim's prior sexual abuse as a child pursuant to Arizona Revised Statutes ("A.R.S.") section 13-1421(A)(3).[1] For the following reasons, we affirm.

## FACTS[2] AND PROCEDURAL BACKGROUND

**¶2** The victim, A.M., was the only person working at a Motel 6 in Kingman on the evening of December 1, 2013. After renting a motel room for two nights, Gollihar called the front desk and told A.M. that his television remote was not working. She brought him a new remote and returned to the front desk. Fifteen minutes later, he called the front desk again and told A.M. the new remote was not working.

**¶3** She then went to his room to show him how to use the remote. After Gollihar opened the door, A.M. took the remote from his hand, left the door open, and walked into the room. She showed him how to work the remote, placed the remote on the desk and turned to leave the room, but Gollihar had closed and locked the door. He grabbed her by the shoulders and threw her on the bed. Gollihar then climbed on top of her, straddling her, and pinned her arm down while trying to remove her jacket. A.M. screamed, and Gollihar covered her mouth with his hand and told her not to scream. A.M. then hit Gollihar in the head several times with her free hand and managed to push him towards the nightstand. She ran to the

---

[1] We cite to the current statute unless otherwise noted.

[2] We view the facts in the light most favorable to upholding the conviction. *State v. Lowery*, 230 Ariz. 536, 538, ¶ 2, 287 P.3d 830, 832 (App. 2012) (citation omitted).

door, disengaged the security latch, and ran to the office where she called the police and motel manager.

¶4          Officer Sandeen responded, arrested Gollihar, and took him to the police station.  Gollihar was "extremely belligerent," and smelled strongly of alcohol.  In fact, after being arrested, he slurred, "The party's over."  Gollihar was subsequently indicted for kidnapping and attempted sexual assault.

¶5          During the first day of trial, Gollihar filed a motion to admit evidence of the victim's prior sexual conduct pursuant to A.R.S. § 13-1421. Specifically, Gollihar sought to admit that the victim had previously been a victim of "some type of sexual offense" as a child and believed a conviction resulted.  Gollihar claimed that the evidence was admissible under A.R.S. § 13-1421(A)(3) as evidence of the victim's motive to accuse him of the offense.  He also requested an evidentiary hearing, and then made an oral motion to continue the trial or, alternatively, for a mistrial.  The court denied Gollihar's motions, finding the evidence was not admissible because it would not show "case specific" or "defendant specific" motive as required by the statute.  The court further held that the evidence was irrelevant and prejudicial to the rights of the victim.

¶6          The jury convicted Gollihar of kidnapping but was unable to reach a unanimous verdict on the attempted sexual assault charge.  The trial court subsequently granted the State's motion to dismiss the attempted sexual assault charge without prejudice.  The trial court found that Gollihar had one prior felony conviction, and sentenced him to the presumptive term of five years' imprisonment with ninety-four days of presentence incarceration credit.

¶7          Gollihar filed a timely notice of appeal.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033(A).

## DISCUSSION

¶8          Gollihar contends that the court erred by denying his request for a continuance and an evidentiary hearing on the admissibility of the victim's prior childhood sexual abuse.  He argues the victim's childhood sexual abuse was relevant and admissible under A.R.S. § 13-1421(A) because it may have led her to "misperceive" his actions, providing a "motive" for her to falsely accuse him of a crime.

**¶9**       We review a trial court's evidentiary rulings for a clear abuse of discretion. *State v. Amaya-Ruiz*, 166 Ariz. 152, 167, 800 P.2d 1260, 1275 (1990). Further, a trial court "has considerable discretion in determining whether the probative value of the evidence is substantially outweighed by its unfairly prejudicial effect." *State v. Gilfillan*, 196 Ariz. 396, 405, ¶ 29, 998 P.2d 1069, 1078 (App. 2000).

**¶10**       The admissibility of evidence of a victim's prior sexual history is governed solely by Arizona's rape shield law, A.R.S. § 13-1421. *Gilfillan*, 196 Ariz. at 400–01, ¶ 15, 998 P.2d at 1073–74; *see also State v. Herrera*, 232 Ariz. 536, 549-50, ¶ 39, 307 P.3d 103, 116-17 (App. 2013) (A.R.S. § 13–1421 "dictates the circumstances under which specific instances of a victim's prior sexual conduct may be admitted"). Section 13-1421(A) permits the admission of "instances of the victim's prior sexual conduct"[3] in limited situations, and then only if the trial court finds the evidence is relevant, material to a fact in issue, and the probative value is not outweighed by the danger of unfair prejudice or inflammation of the jury. Further, a trial court may admit such evidence only if the evidence is one of five enumerated types of evidence. *Id.* The defendant bears the burden of showing by clear and convincing evidence that the evidence is relevant and admissible. A.R.S. § 13-1421(B).

**¶11**       A defendant may not introduce a victim's sexual conduct "without a court order after a hearing on written motions is held to determine the admissibility of the evidence." *Id.* However, "[i]f new information is discovered during the course of the trial that may make the evidence described in subsection A admissible, the court may hold a hearing to determine the admissibility of the evidence under subsection A." *Id.*

**¶12**       On appeal, Gollihar argues that A.M.'s alleged history of sexual abuse as a child was relevant to her motive to accuse him of a crime and therefore admissible under § 13-1421(A)(3). Gollihar relies heavily on *State v. Lujan*, 192 Ariz. 448, 967 P.2d 123 (1998), which predates codification of the rape shield law, to argue that he could have found an expert to testify in support of his theory that the victim's alleged sexual abuse ten years earlier caused her to misperceive Gollihar locking the door, pushing her onto the bed, straddling her and covering her mouth with his hands. He

---

[3] Prior sexual assaults qualify as sexual conduct under rape shield laws. *State v. Dixon*, 226 Ariz. 545, 554, ¶ 47, 250 P.3d 1174, 1183 (2011) ("[I]t would be anomalous to protect rape victims from questions about prior consensual conduct, but subject them to cross-examination about assaults.").

claims that *Lujan* is controlling because the legislature essentially codified the judicially-created rape shield law adopted by the Arizona Supreme Court in *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 545 P.2d 946 (1976). However, *Lujan* is instructive only to the extent it is consistent with the plain wording of the rape shield statute. *See Gilfillan*, 196 Ariz. at 401 n.3, ¶ 16, 998 P.2d at 1074 n.3 (noting that the rape shield statute "seemingly codifies the rule enunciated" in *Pope* and its progeny).

¶13 However, even if applicable, *Lujan* does not support Gollihar's claim. In *Lujan*, the defendant was charged with child molestation for placing his hand inside the nine-year-old victim's bathing suit and rubbing her "front private part" while they were in a swimming pool. 192 Ariz. at 450, ¶ 2, 967 P.2d at 125. Lujan claimed he had merely dunked the victim in the pool and did not touch her inappropriately. *Id.* at 451, ¶ 8, 967 P.2d at 126. He sought to admit evidence of the victim's contemporaneous sexual abuse by two other men and produced expert testimony that the contemporaneous molestations could make a child develop "hypersensitivity" to "any physical touch by another adult male." *Id.* at 450, ¶¶ 3-4, 967 P.2d at 125. Our supreme court held that the trial court abused its discretion by precluding the evidence because the "nearly contemporaneous sexual abuse" supported the defendant's defense. *Id.* at 451, ¶ 8, 967 P.2d at 126. The court also noted that Lujan "laid a foundation connecting the factual predicate of abuse with the defense legal theory" and "made a sufficient offer of proof explaining why [the victim] might have incorrectly accused him of an inappropriate touching even if such touching did not occur." *Id.* at 453, ¶ 18, 967 P.2d at 128.

¶14 In contrast, the victim in this case was an adult when assaulted by Gollihar, and the prior sexual abuse allegedly occurred ten years earlier, when she was a child. And Gollihar did not make a sufficient offer of proof establishing a nexus between the alleged prior abuse and his acts. *See State v. Oliver*, 158 Ariz. 22, 32, 760 P.2d 1071, 1081 (1988) ("In Arizona, evidence of prior sexual history is inadmissible on the issue of motive unless the record clearly establishes a factual predicate from which motive can be inferred."); *Herrera*, 232 Ariz. at 550, ¶ 41, 307 P.3d at 117 (finding evidence of victim's prior sexual history inadmissible under § 13-1421 and noting that the defendant "ha[d] to have something more" to establish a connection between the alleged sexual activity and the crimes charged and that there was "no good-faith basis" to admit the evidence).

¶15 The record supports the court's determination that Gollihar failed to show by clear and convincing evidence that the victim's alleged childhood sexual abuse incident was relevant or admissible under

§ 13–1421(A)(3) as evidence of her motive to accuse Gollihar of a crime. Therefore we find no abuse of discretion. And, even if we assume for the sake of argument that the court abused its discretion by not continuing the trial and allowing Gollihar some time to secure an expert to testify that the victim, because of her past trauma, misperceived his actions and intentions, we find the error harmless. The jury, without the evidence that Gollihar wanted to attempt to find and produce, did not find him guilty beyond a reasonable doubt of attempted sexual assault. The jury, however, found him guilty of kidnapping beyond a reasonable doubt because he lured the victim into his room, closed and locked the door, pushed her onto the bed, straddled her, and kept her from voluntarily leaving until she started screaming and hit him. Consequently, the evidence presented at trial was sufficient for the conviction.

## CONCLUSION

¶16          For the foregoing reasons, we affirm Gollihar's conviction and sentence.

