NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AUSTIN ALLEN MILES, *Appellant.*

No. 1 CA-CR 21-0280
FILED 2-22-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR201980460
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Alexander M. Taber
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

_____

**S W A N N**, Judge:

¶1          A jury convicted Austin Miles of failure to register as a sex offender.  Miles appeals the superior court's denial of his motion for a judgment of acquittal, arguing there was insufficient evidence to support the conviction.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In 2011, Miles was convicted under Article 134 of the Uniform Code of Military Justice for possession of child pornography while serving in the United States Navy.  He was sentenced to a three-year term of imprisonment.  After his release in 2013, Miles was required to register as a sex offender.  In November 2013, Miles registered as a sex offender in California where he resided.

¶3          In February 2015, Miles moved to Flagstaff, Arizona.  In March 2015, he registered as a sex offender in Coconino County.  When he registered, he initialed an acknowledgment that he was required to register within 10 days after entering and remaining in any county of the state pursuant to A.R.S. § 13-3821(A).  By May 2015, Miles had vacated his apartment in Flagstaff, but did not register a new address within the county or elsewhere.

¶4          After an investigation by the Flagstaff Police Department and Yavapai County Sherriff's Office, they believed Miles was residing with his girlfriend at an RV park in Yavapai County.  In November 2015, a detective with the Yavapai County Sherriff's Office observed Miles leave his girlfriend's trailer.  The police conducted a traffic stop and arrested Miles.

¶5          Miles was charged with failure to register as a sex offender under A.R.S. § 13-3821(A).  After the state presented its case-in-chief, Miles moved for a judgment of acquittal pursuant to Ariz. R. Crim. P. ("Rule") 20(a). Miles argued that he was entitled to a judgment of acquittal because the state failed to prove he resided in Yavapai County.  The court denied

his motion. The jury found Miles guilty as charged, and the court sentenced him to a mitigated one-year term of imprisonment. Miles appeals.

## DISCUSSION

**¶6**       On appeal, Miles contends that the superior court erred in denying his Rule 20 motion because the state failed to present substantial evidence that he was required to register as a sex offender. Miles also contends that the state failed to prove that his naval conviction would have been an offense under Arizona law if it had been committed here. Because Miles failed to raise either of these arguments in the superior court, he must show fundamental error. *See State v. Gendron*, 168 Ariz. 153, 155 (1991) (noting the failure to raise an issue at trial waives all but fundamental error). Miles bears the burden of establishing "both that fundamental error occurred and that the error caused him prejudice." *State v. Henderson*, 210 Ariz. 561, 568, ¶ 22 (2005). We will not find fundamental error where the complaining party invited the error. *State v. Logan*, 200 Ariz. 564, 565–66, ¶ 9 (2001).

**¶7**       As relevant here, A.R.S. § 13-3821(A)(13)[1] provides:

> A. A person who has been convicted of . . . an offense committed in another jurisdiction that if committed in this state would be a violation or attempted violation of any of the following offenses . . . or who is required to register by the convicting or adjudicating jurisdiction, . . . after entering and remaining for at least seventy-two hours in any county of this state, shall register with the sheriff of that county: . . .

> 13. Sexual exploitation of a minor pursuant to § 13-3553.

Accordingly, the statute requires registration if: (1) the elements of Article 134 of the Uniform Code of Military Justice necessarily prove sexual exploitation of a minor under A.R.S. § 13-3553, *or* (2) Miles was required to register by the Navy. A.R.S. § 13-3821(A); *see State v. Kuntz*, 209 Ariz. 276, 279, ¶ 9 (App. 2004); *State v. Lowery*, 230 Ariz. 536, 541, ¶¶ 15–16 (App. 2012).

**¶8**       Miles does not argue or establish that the superior court committed fundamental error. *See State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶ 17 (App. 2008) (noting that failure to argue fundamental error may

---

[1]       We cite to the current version of applicable statutes absent any change material to this decision.

result in waiver). At trial, Miles testified that he was required to register as a sex offender because of his naval conviction. Thus, if any error existed, it was invited.

**¶9** In view of Miles's testimony at trial, the potential dissimilarity between the two bodies of law is immaterial. Aside from Miles's testimony that he was required to register as a sex offender, the state presented substantial evidence that Miles was required to register under A.R.S. § 13-3821(A). The parties stipulated that Miles had a prior conviction that required him to register as a sex offender, and he had in fact registered two times before. The state also presented evidence that Miles initialed an acknowledgement that he was required to register, and Miles admitted to a Yavapai County detective that he was required to register. Thus, we need not determine whether the elements of Article 134 of the Uniform Code of Military Justice necessarily prove sexual exploitation of a minor under A.R.S. § 13-3553. *See Lowery*, 230 Ariz. at 541, ¶¶ 15–16.

## CONCLUSION

**¶10** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA