IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

THEODORE JAMES PANOS, *Appellant*.

No. 1 CA-CR 15-0065
FILED 1-12-2016

Appeal from the Superior Court in Maricopa County
No.  CR2014-112450-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Counsel for Appellant*

**OPINION**

Presiding Judge Kenton D. Jones delivered the Opinion of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

**J O N E S**, Judge:

¶1        Theodore Panos challenges the superior court's imposition of a monthly probation service fee as a condition of his unsupervised probation.  Panos argues Arizona Revised Statutes (A.R.S.) section 13-901(A),[1] which requires the fee, is unconstitutional under both the U.S. and Arizona Constitutions.  For the reasons that follow, we find the statute to be constitutional and affirm the imposition of the fee.

## FACTS AND PROCEDURAL HISTORY

¶2        The State initially charged Panos in the superior court with two class six felonies: possession or use of marijuana in violation of A.R.S. § 13-3405(A)(1) and possession of drug paraphernalia in violation of A.R.S. § 13-3415(A).  The State later moved to designate both counts as class one misdemeanors.  The court granted the motion and, following a bench trial, found Panos guilty as to each count.  The court sentenced Panos to two concurrent terms of nine months' unsupervised probation and, as a condition of probation, ordered Panos to pay a monthly probation service fee of sixty-five dollars pursuant to A.R.S. § 13-901(A).  Panos timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), -2101(A)(1), 13-4031, and -4033(A)(4).

## DISCUSSION

¶3        The probation statute provides in relevant part: "When granting probation to an adult the court, as a condition of probation, shall assess a monthly fee of not less than sixty-five dollars."  A.R.S. § 13-901(A).[2]  For probation imposed in the superior court, A.R.S. § 13-901(A) makes no distinction between supervised and unsupervised probation. For probation imposed in a justice or municipal court, however, "the fee shall only be assessed when the person is placed on supervised probation."  *Id.*

¶4        All such probation service fees paid into the superior, justice, and municipal courts are ultimately deposited into the "adult probation services fund" and "used to supplement monies used for the salaries of

---

[1]        Absent material changes from the relevant date, we cite a statute's current version.

[2]        The superior court may impose a lesser fee if it determines the probationer is unable to pay the full amount, a circumstance Panos does not claim applies here.  A.R.S. § 13-901(A).

adult probation and surveillance officers and for support of programs and services of the superior court adult probation departments." *Id.*; *see also* Ariz. Code of Jud. Admin. § 6-206(C) ("The probation fees account within the adult probation services fund is to be used to pay probation employee salaries and employee-related benefits and to otherwise improve, maintain, or expand adult probation services within the county.").

¶5        Panos argues A.R.S. § 13-901(A) violates (1) the equal protection guarantees found in the Fourteenth Amendment to the U.S. Constitution, and Article 2, Section 13, of the Arizona Constitution; and (2) Article 4, Part 2, Section 19(7), of the Arizona Constitution, which prohibits "special laws" for "[p]unishment of crimes and misdemeanors." Interpretation of a statute is a question of law, which we review *de novo. See Zamora v. Reinstein*, 185 Ariz. 272, 275 (1996) (citing *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529 (1994)). "[W]e have an obligation to interpret statutes so as to uphold their constitutionality, where possible," *State v. Getz*, 189 Ariz. 561, 565 (1997) (citing *Business Realty of Ariz., Inc. v. Maricopa Cnty.*, 181 Ariz. 551, 559 (1995)), and we strongly presume a statute to be constitutional, *State v. Tocco*, 156 Ariz. 116, 119 (1988) (citing *State v. Ramos*, 133 Ariz. 4, 6 (1982)). The challenger of a statute's constitutionality bears the burden to prove it is unconstitutional. *Tocco*, 156 Ariz. at 119 (citing *Eastin v. Broomfield*, 116 Ariz. 576, 580 (1977)).

## I.        Equal Protection

¶6        Panos argues A.R.S. § 13-901(A) violates state and federal guarantees of equal protection because it requires unsupervised probationers convicted in superior court to pay a monthly probation service fee, yet exempts unsupervised probationers convicted in justice or municipal courts. Panos argues that all unsupervised probationers are "similarly situated," regardless of the court of conviction, and that the statute discriminates against unsupervised probationers convicted in the superior court. He asserts that any distinction made regarding the courts of conviction is arbitrary, capricious, and discriminatory.

¶7        The effects of the federal and state equal protection guarantees "are essentially the same," *State v. Lowery*, 230 Ariz. 536, 541, ¶ 13 (App. 2012) (quoting *State v. Bonnewell*, 196 Ariz. 592, 596, ¶ 15 (App. 1999)), each generally requiring the law treat all similarly situated persons alike, *Vong v. Aune*, 235 Ariz. 116, 123, ¶ 32 (App. 2014) (quoting *Wigglesworth v. Mauldin*, 195 Ariz. 432, 438, ¶ 19 (App. 1999)). These guarantees do not prohibit all classification of persons, however, but only

those which are "unreasonable." *Lowery*, 230 Ariz. at 541, ¶ 13 (citing *Schecter v. Killingsworth*, 93 Ariz. 273, 281 (1963)).

**¶8**      Because Panos concedes he is not a member of a suspect class and there is no fundamental right at issue, we will uphold the statute so long as it is "rationally related to a legitimate government purpose." *Id.* (quoting *State v. Navarro*, 201 Ariz. 292, 298, ¶ 25 (App. 2001), and citing *Governale v. Lieberman*, 226 Ariz. 443, 448, ¶ 13 (App. 2011)). The rational basis test does not require the legislature to choose "the least intrusive, nor most effective, means of achieving its goals." *State v. Hammonds*, 192 Ariz. 528, 532, ¶ 15 (App. 1998) (citing *Ohio Bureau of Emp't Servs. v. Hodory*, 431 U.S. 471, 491 (1977)). Nor does it require "[a]bsolute equality and complete conformity of legislative classifications." *City of Tucson v. Grezaffi*, 200 Ariz. 130, 137, ¶ 18 (App. 2001) (quoting *Rossie v. State*, 395 N.W.2d 801, 807 (Wis. Ct. App. 1986)). Thus, "[e]ven if the classification results in some inequality, it is not unconstitutional if it rests on some reasonable basis." *Fisher v. Edgerton*, 236 Ariz. 71, 80, ¶ 28 (App. 2014) (quoting *Church v. Rawson Drug & Sundry Co.*, 173 Ariz. 342, 351 (App. 1992)).

**¶9**      In sum, the challenger of a statute's constitutionality may overcome a presumption that the statute is rational "only by a clear showing of arbitrariness or irrationality." *Hammonds*, 192 Ariz. at 531, ¶ 9 (citing *Lerma v. Keck*, 186 Ariz. 228, 233 (App. 1996)). Only if a statute is "'wholly irrelevant' to the achievement of a legitimate governmental objective" will it violate equal protection. *Id.* at 532, ¶ 15 (quoting *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)); s*ee also Ariz. Downs v. Ariz. Horsemen's Found.*, 130 Ariz. 550, 557 (1981) (noting statutes with a "conceivable rational basis" that further a legitimate governmental interest will be upheld); *Church*, 173 Ariz. at 350 (noting courts may "consider 'either the actual basis on which the legislature acted or any hypothetical basis on which it might have acted'") (quoting *Carr v. Beech Aircraft Corp.*, 758 F. Supp. 1330, 1334 (D. Ariz. 1991)).

**¶10**      Applying these standards, we conclude the statute to be constitutional. Arizona law requires that the presiding judge of each county's superior court appoint a chief adult probation officer who, "with the approval of the presiding judge of the superior court, shall appoint deputy adult probation officers and support staff as . . . necessary." A.R.S. § 12-251(A). The officers and other staff have extensive duties including the provision of services to and supervision of those convicted and placed on probation. *See* A.R.S. §§ 12-251(A), -253. The purpose of the fee is to help pay for the services probation officers and staff provide and to maintain, expand, and improve those services. A.R.S. § 13-901(A); Ariz. Code Jud.

Admin. § 6-209. Further, the fees deposited into the probation fund strengthen "the criminal justice system's ability to finance its probation services" and benefit a defendant's rehabilitation. *State v. Mears*, 134 Ariz. 95, 98 (App. 1982). We therefore conclude the probation service fee requirements and exemptions contained in A.R.S. § 13-901(A) are rationally related to, and help achieve, a legitimate governmental objective.

**¶11**      That the term of probation imposed by the superior court on a defendant may be "unsupervised" is irrelevant. Conditions of Panos' probation require him to report to the adult probation department at specified times and continue to report as directed, advise the department when he completes various conditions of probation, notify the department of various changes in his status, participate in a drug education program or provide community service, and undergo any other substance abuse treatment or counseling the department orders. He thus requires services and monitoring — costs incurred by the county's probation department which he may rationally be required to reimburse.

**¶12**      Additionally, there is a rational explanation for unsupervised probationers from justice and municipal courts not being assessed the fee: these courts are not statutorily required to pay for separate probation services. Rather, these courts may contract for such services to be provided to supervised probationers by the superior court's probation department. *See* A.R.S. § 12-251(A) (permitting probation services to "be provided by a county probation office to a municipal court through an intergovernmental agreement entered into by the respective county and municipality"); Ariz. Code Jud. Admin. § 6-209(D) (same), (E) (requiring a written agreement between limited jurisdiction courts and probation departments outlining the specific services the probation department will provide and the cost of those services). In the absence of such an agreement, justice or municipal courts may provide their own form of probation services. Under this circumstance, the superior court probation department provides no services nor otherwise incurs expense as a result of a justice or municipal court's order of unsupervised probation, and it is reasonable for the legislature to exempt those probationers from the payment of a fee expressly designed to help reimburse and support the superior court's probation department.

**¶13**      These distinctions likewise dictate that Panos has failed to establish unsupervised probationers convicted in the superior, justice, or municipal courts are all similarly situated; unsupervised probationers whose convictions cause a superior court probation department to provide

services and incur expenses are not similarly situated with unsupervised probationers whose convictions do not.

¶14 Although the direction provided within A.R.S. § 13-901(A) may not result in absolute equality or complete conformity of legislative classifications, as noted above, neither is required under the equal protection guarantees of our constitutions. The probation service fees and fee exemptions in A.R.S. § 13-901(A) are rationally related to a legitimate governmental objective. Accordingly, imposing the monthly probation service fee upon an unsupervised probationer does not violate equal protection.

## II.   Special Laws

¶15 Panos next argues A.R.S. § 13-901(A) violates Article 4, Part 2, Section 19(7), of the Arizona Constitution because it constitutes a "special law" for "[p]unishment of crimes and misdemeanors." Special laws favor one person or group over others by "granting them a special or exclusive immunity, privilege, or franchise." *Ariz. Downs*, 130 Ariz. at 557; *see Gallardo v. State*, 236 Ariz. 84, 88, ¶ 10 (2014) (citing *Republic Inv. Fund I v. Town of Surprise*, 166 Ariz. 143, 148-49 (1990)). Panos argues A.R.S. § 13-901(A) grants such privilege or immunity to unsupervised probationers convicted in justice and municipal courts by exempting them from the monthly probation service fee.

¶16 A law is permissible, if it meets the following criteria:

> (1) [T]he law must have "a rational relationship to a legitimate legislative objective," (2) the classification the law makes must be legitimate, encompassing all members that are similarly situated, and (3) the classification must be elastic, allowing "other individuals or entities to come within" and move out of the class.

*Gallardo*, 236 Ariz. at 88, ¶ 11 (quoting *Republic Inv.*, 166 Ariz. at 149). In applying these criteria, we conclude A.R.S. § 13-901(A) does not unconstitutionally favor unsupervised probationers convicted in justice or municipal courts.

¶17 The first two criteria are met for the reasons discussed in Part I. The probation service fees and exemptions in A.R.S. § 13-901(A) have a rational relationship to a legitimate governmental objective: providing and financing probation services. *See supra* ¶¶ 10-12. And, A.R.S. § 13-901(A) legitimately distinguishes between unsupervised probationers convicted in

superior courts and unsupervised probationers convicted in justice or municipal courts. As noted above, unsupervised probationers convicted in the superior court still require the services of the superior court's probation department and thereby generate associated expenses for those services. Unsupervised probationers in justice and municipal courts without agreements for adult probation services do not. *See supra* ¶ 13.

¶18      Finally, the classification contained in A.R.S. § 13-901(A) is elastic. Elasticity is established "when the statute looks to broader application in the future, no matter how imminent the application might be, and allows 'persons, places, or things attaining the requisite characteristics' to enter and those that 'no longer have those characteristics' to leave the class." *Gallardo*, 236 Ariz. at 93, ¶ 35 (quoting *Republic Inv.*, 166 Ariz. at 150, and citing *Luhrs v. City of Phx.*, 52 Ariz. 438, 451 (1938), and *Long v. Napolitano*, 203 Ariz. 247, 258, ¶ 38 (App. 2002)). As relevant here, any person may enter the class required to pay a monthly probation service fee under A.R.S. § 13-901(A) by becoming a probationer convicted in an Arizona court where a defendant's conviction requires utilization of the county's probation services department, and every person in the class of those paying a monthly probation service fee may leave the class by no longer being a probationer. *See id.* at ¶ 36 (finding elasticity requirement was met where counties can join the class by attaining a population size set forth in the statute and leave the class when the population falls below the stated size). That the crime one commits to gain entry into the class may also allow entry into another class, depending upon the nature of the court where probation is imposed, is irrelevant. The statute is "facially and functionally elastic," *id.*, and nothing about the law otherwise inhibits the entry into or exit from the class of persons required to pay a monthly probation service fee.

## CONCLUSION

¶19      Because A.R.S. § 13-901(A) does not violate equal protection and is not a special law, we conclude it is constitutional under both the U.S. and Arizona Constitutions and affirm the superior court's imposition of the monthly probation service fee.



Ruth A. Willingham · Clerk of the Court
FILED: ama