NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOEY FISH, *Appellant*.

No. 1 CA-CR 19-0461
FILED 5-14-2020

Appeal from the Superior Court in Navajo County
No. S0900CR201700878
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

KBUNITED, LLC, Phoenix
By Kerrie Droban
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

**T H U M M A**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Joey Fish has advised the court that, after searching the entire record, no arguable question of law was found and asks this court to conduct an *Anders* review of the record. Fish was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, his convictions, probation grants and sex offender registration are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2** This case arises out of a November 2017 high school locker room incident. The victim, a minor who was a year younger and a fair bit smaller than Fish, testified that upon entering the locker room, Fish immediately grabbed him, attempted to kiss him, began wrestling with him and ultimately put his hand down the victim's pants, grabbing his scrotum and penis.

**¶3** Fish released the victim after a coach intervened. After the coach left, Fish grabbed the victim a second time. The victim later testified that Fish unbuttoned and "unzipped my pants again and grabbed my crotch on top of the underwear, and then again underneath the underwear." Although the victim asked nearby students to intervene, they did not. Fish then let the victim go and left.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Reinhardt*, 190 Ariz. 579, 588-89 (1997).

¶4            School administrators learned of the incident and law enforcement investigated. The State charged Fish with two counts of kidnapping, Class 2 felonies, and two counts of sexual abuse, Class 5 felonies. A five-day jury trial followed in June 2019. At trial, the victim and other students in the locker room testified about what happened. Fish's mother testified about what Fish had told her.

¶5            The jury found Fish not guilty of the charged offenses but guilty of two counts of unlawful imprisonment, Class 1 misdemeanors, as lesser included offenses of the kidnapping charges. The court placed Fish on two years of standard probation and ordered him to register as a sex offender for ten years after the successful completion of his probation. *See* Ariz. Rev. Stat. (A.R.S.) § 13-3821(A)(1); *see also State v. Coleman*, 241 Ariz. 190, 196 ¶ 23 (App. 2016) (upholding registration of a defendant who was convicted of a specified offense without a finding that it was committed with a sexual motivation element); *State v. Serrano*, 234 Ariz. 491, 496 ¶ 16 (App. 2014) (holding registration must be ordered at sentencing).

¶6            Fish timely appeals his convictions and probation grants. This court has jurisdiction over his appeal pursuant to A.R.S. § 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

¶7            The record shows that Fish was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record provided contains substantial evidence supporting his convictions and the resulting consequences imposed. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the probation grants and related conditions were authorized by statute.

## CONCLUSION

¶8            This court has read and considered counsel's brief and has searched the record for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Fish's convictions, resulting probation grants and sex offender registration are affirmed.

**¶9**        Upon the filing of this decision, defense counsel is directed to inform Fish of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Fish shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA