NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LAURA ANN CAVNESS, *Plaintiff/Appellant*,

*v.*

ALANE M ORTEGA, *Defendant/Appellee*.

No. 1 CA-CV 24-0289
FILED 01-07-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-008172
The Honorable John L. Blanchard, Judge

**AFFIRMED IN PART AND REVERSED IN PART; REMANDED**

COUNSEL

Laura Ann Cavness, Phoenix
*Plaintiff/Appellant*

Harmon Law Office, Tempe
By Emile J. Harmon
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

---

**F O S T E R**, Judge:

¶1            Plaintiff Laura Ann Cavness appeals the dismissal of her malpractice claim against Alane Ortega. Cavness claims Arizona Revised Statutes ("A.R.S.") § 12-2602's preliminary expert affidavit requirement is unconstitutional. For the following reasons, this Court affirms in part, reverses in part and remands.

**FACTS AND PROCEDURAL HISTORY**

¶2            In 2021, the superior court appointed Ortega as appellate counsel for Cavness in a family court matter. After the appeal concluded, Cavness, without counsel, brought this action in June 2022 alleging Ortega committed legal malpractice by failing to meet deadlines, review the record, provide effective assistance of counsel and apply the correct law.

¶3            Ortega moved to dismiss for failure to comply with § 12-2602. Ortega claimed that because she was a licensed professional Cavness was required by statute to "certify with her complaint whether expert opinion testimony was necessary to prove [Cavness'] claims." The court denied Ortega's motion to dismiss and ordered Cavness to comply with the affidavit requirement. Cavness filed a "Motion to Allow Plaintiff to Proceed Without a Professional Opinion" noting she could not afford to hire an expert witness. The court denied Cavness' motion. Ortega again moved to dismiss for failure to comply with § 12-2602. In response, Cavness reasoned "§ 12-2602 is unconstitutional on its face" because she could not afford the services necessary for the completion of an expert opinion affidavit, and therefore "the state of Arizona is denying her access to the court." Cavness filed two motions to reconsider the court's denial of her "Motion to Allow Plaintiff to Proceed Without a Professional Opinion" and the court denied both motions.

¶4            In December 2023, the court granted Ortega's second motion and dismissed the case with prejudice. The court found Cavness' constitutional arguments against § 12-2602 were resolved by this Court in

*Bertleson v. Sacks Tierney, P.A.*, 204 Ariz. 124 (App. 2002), and *Kestenbaum v. Ford*, 1 CA-CV 23-0071, 2023 WL 6845128 (Ariz. App. Oct. 17, 2023) (mem. decision). The court also determined that Cavness' "failure to provide an expert affidavit or otherwise disclose expert opinions against Defendant preclude[d her] negligence claim from proceeding against [Ortega]."

**¶5**        Cavness filed a notice of appeal on December 27, 2023. This Court dismissed the appeal as premature because the superior court's ruling was unsigned and did not include Arizona Rule of Civil Procedure 54(c) ("Rule 54") language. Eventually, the superior court issued a signed Minute Entry Order satisfying Rule 54. Cavness timely appealed and this Court has jurisdiction under A.R.S. § 12-1201(A)(1).

## DISCUSSION

### I.        Constitutionality of A.R.S. § 12-2602.

**¶6**        Cavness argues that "dismissing a case because a litigant cannot afford to pay for a professional opinion under A.R.S. §[ ]12-2602(a) raises significant constitutional concerns" including equal protection and due process violations under the Fourteenth Amendment. *See* U.S. Const. amend. XIV, § 1 (due process and equal protection). Ortega did not file an answering brief. "When debatable issues exist and an appellee fails to file an answering brief, [this Court] may consider such failure a confession of reversible error. However, [this Court is] not required to do so, and [it may] address the substance of [the] appeal in [its] discretion." *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014) (citations omitted). The interpretation of a statute and the determination of a statute's constitutionality are subject to *de novo* review. *Wilks v. Manobianco*, 237 Ariz. 443, 446, ¶ 8 (2015) (statutory interpretation); *Bertleson*, 204 Ariz. at 126, ¶ 6 (statute's constitutionality).

### A. Equal Protection

**¶7**        Cavness contends § 12-2602 violates the Federal Constitution's Equal Protection Clause because "the state effectively discriminates against poorer litigants" when it "dismiss[es] cases solely based on a litigant's financial inability to pay for a professional opinion." However, this Court previously reviewed § 12-2602's validity under Arizona's Equal Protection Clause. *See Bertleson*, 204 Ariz. at 126–29, ¶¶ 6–19. Despite the difference in language between federal and state constitutional provisions, Arizona's Equal Protection Clause provides "the same general effect and purpose as the" Federal Equal Protection Clause. *State v. Mixton*, 250 Ariz. 282, 290, ¶ 31 (2021) (court compared Arizona's Right to Privacy with its relevant federal amendment to determine that the

supreme court can provide construction to state constitution "notwithstanding [its] analogy to the Federal Constitution"); *see also* U.S. Const. amend. XIV, § 1; Ariz. Const. art. 2, § 13 (equal protection). Arizona's Equal Protection clause provides that "[n]o law shall be enacted granting to any citizen . . . privileges or immunities which, upon the same terms, shall not equally belong to all citizens." Ariz. Const. art. 2, § 13. Likewise, the Fourteenth Amendment to the United States Constitution provides, in relevant part, "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Under both provisions, the state and federal guarantees "require similarly situated people be treated alike." *State v. Coleman*, 241 Ariz. 190, 192, ¶ 7 (App. 2016) (citation omitted).

**¶8**　　　　Here, the superior court relied on *Bertleson* to find that Cavness' equal protection claims fail. *See Bertleson*, 204 Ariz. at 129, ¶ 19. In *Bertleson*, this Court held § 12-2602's affidavit requirement does not violate Arizona's Equal Protection Clause because the statute neither "implicate[s] a fundamental right or a suspect class." *Id.* at 128–29, ¶¶ 18–19. This Court concluded the state has a legitimate interest that is rationally related to the statute—preventing frivolous lawsuits against licensed professionals. *Id.* at 128, ¶ 19. The superior court did not err in relying on *Bertleson* in finding that § 12-2602 is constitutional. *See id.* at 128, ¶ 16 ("Dismissal under [§ 12-2602] no more violates the constitution than dismissal based upon a statute of limitations or summary judgment.").

## B. Due Process

**¶9**　　　　Cavness claims § 12-2602 violates the Federal Due Process Clause because the statute's affidavit requirement "deprives [her of her] right to be heard and to seek redress for grievances." The Fourteenth Amendment's Due Process Clause provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "'The touchstone of due process . . . is fundamental fairness.'" *Martin v. Reinstein*, 195 Ariz. 293, 313, ¶ 66 (App. 1999) (quoting *State v. Melendez*, 172 Ariz. 68, 71 (1992)). Under rational basis review, this Court considers "whether the requirement [to provide an affidavit regarding an expert testimony in a legal malpractice claim] is rationally related to '*any* legitimate legislative goal.'" *Coleman*, 241 Ariz. at 193, ¶ 10 (citations omitted). Cavness further claims "access to the courts is a fundamental right" and cites *Griffin v. Illinois*, 351 U.S. 12 (1956) (violation of due process where indigent criminal defendants could not obtain transcripts of court proceedings to appeal their convictions), and *Bobbie v.*

*Connecticut*, 401 U.S. 371 (1971) (state monopolization of means for dissolving marriage implicated due process of law when an inability to pay court fees and costs prohibited access to its courts by indigent litigants), to support her argument. But the underlying issues in those cases involve fundamental rights—not a civil dispute as this case presents. Cavness does not develop her argument in support of her access to justice claim. Thus, this Court declines to address this issue. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 185, ¶ 88 (App. 2008) (inadequately developed arguments are waived).

¶10 This Court's review of "equal protection and substantive due process claims are conceptually similar, with the level of scrutiny dependent upon the classification or right at issue." *Coleman*, 241 Ariz. at 193, ¶ 9 (cleaned up). When the claimant is not a member of a suspect class, and no fundamental right is at issue, this Court "will uphold the statute so long as it is rationally related to a legitimate government purpose." *Id.* (cleaned up); *accord Schuff Steel Co. v. Indus. Comm'n of Ariz.*, 181 Ariz. 435, 443 (App. 1994) (equal protection guarantees "require a rational relationship between every statutory classification and a legitimate statutory purpose"). As discussed above, § 12-2602 does not implicate a fundamental right or a suspect class and so will be upheld because it serves a legitimate purpose. The expert opinion affidavit requirement does nothing to violate individual rights but instead ensures that plaintiffs "make individualized and informed determinations when naming defendants." *Bertleson*, 204 Ariz. at 128, ¶ 19 (quotation omitted) (analyzing the statute under equal protection). Because Cavness is not a member of a suspect class, no fundamental right is at issue and the statute is rationally related to a legitimate government purpose, the superior court did not err in finding that § 12-2602 does not violate Cavness' due process rights.

## II. Court's dismissal under § 12-2602.

¶11 Cavness next claims the court's dismissal under § 12-2602 was improper. This Court reviews the dismissal of a complaint *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). This Court "assume[s] the truth of all well-pleaded factual allegations and" only grants the dismissal if the non-moving party "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8–9 (citation omitted). Cavness claims the superior court erred by "dismissing [her] case because a litigant cannot afford to pay for a professional opinion under A.R.S. §[ ]12-2602."

¶12 In a malpractice claim against a licensed professional, a claimant must provide "a written statement that is filed and served with

the claim whether or not expert opinion testimony is necessary to prove the licensed professional's standard of care or liability for the claim." A.R.S. § 12-2602(A). If the claimant deems expert testimony is necessary, the claimant must provide "a preliminary expert opinion affidavit with the initial disclosures." A.R.S. § 12-2602(B). If a claimant deems expert testimony unnecessary, the defending licensed professional may move "the court for an order requiring the claimant to [provide] a preliminary expert opinion affidavit." A.R.S. § 12-2602(D). Once the court determines the claimant must file an expert affidavit, it may dismiss the claim "without prejudice if the claimant fails to file and serve a preliminary expert opinion affidavit." A.R.S. § 12-2602(E), (F).

¶13 Ortega argued in her motion to dismiss that § 12-2602(F) mandated the court dismiss the case because Cavness did not file the required affidavit. Following Ortega's first motion to dismiss which asserted that "expert testimony [was] absolutely mandatory to establish a standard of care or liability" for Cavness' claim, the court ordered Cavness to comply with § 12-2602. Despite the court's order and the court's extension of time for Cavness to comply, she did not file and serve the required affidavit. As a result, the court dismissed the case pursuant to § 12-2602(F). However, the court's dismissal was with prejudice in contradiction to § 12-2602(F)'s language. A.R.S. § 12-2602(F). Therefore, although the court properly dismissed the case, doing so "with prejudice" was error.

## CONCLUSION

¶14 For the reasons above, this Court affirms the dismissal on the equal protection and due process claims, reverses the dismissal with prejudice and remands with directions that Cavness' complaint be dismissed without prejudice.



AMY M. WOOD • Clerk of the Court
FILED:
JR