NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In re the Matter of:

JOHNNY RAY WALLS-BEY,
*Petitioner/Appellant*,

*v.*

ALEXIS JORDAN AUSTIN,
*Respondent/Appellee*.

No. 1 CA-CV 25-0429 FC
No. 1 CA-CV 25-0447 FC

FILED 01-28-2026

Appeal from the Superior Court in Maricopa County
Nos.  FC2025-001632, FC2025-001405
Phoenix Municipal Court No. 5906322
The Honorable Bradley H. Astrowsky, Judge
The Honorable Gary L. Popham Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Johnny Ray Walls-Bey, Phoenix
*Petitioner/Appellant*

Alexis Austin, Hopkinsville, Kentucky
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1        In two consolidated cases, Johnny Ray Walls-Bey (Father) challenges orders dismissing his petitions (1) for an order of protection against Alexis Jordan Austin (Mother) and (2) to establish legal decision-making, parenting time and child support. Because Father has shown no error, the orders are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Mother have three young minor children together, Z.W.B., A.W.B. and E.A. In December 2024, Father filed a petition for an order of protection (the OOP case) against Mother in Phoenix Municipal Court. Later that day, the court issued an ex parte order of protection prohibiting Mother from having contact with Father except through attorneys, legal process and court hearings. After Mother was served with the order in February 2025, she requested an evidentiary hearing. The Phoenix Municipal Court set that hearing for April 18, 2025.

¶3        On April 10, 2025, Father filed a family court petition to establish legal decision-making, parenting time and child support (the FC case) in Maricopa County Superior Court. His FC case petition noted a pending family court case in Kentucky involving the same parties and issues. Over the next few days, in the FC case, the superior court issued rulings: (1) questioning whether Arizona had jurisdiction given the pending Kentucky case and (2) setting an April 22, 2025 hearing to determine if Kentucky would relinquish jurisdiction.

¶4        Meanwhile, because of the FC case, the Phoenix Municipal Court vacated the April 18, 2025 hearing in the OOP case and transferred that case to superior court. The superior court then set a May 6, 2025 evidentiary hearing in the OOP case.

¶5        In the FC case, neither Mother nor Father appeared, nor were represented, at the April 30, 2025 hearing. However, the Kentucky Judge assigned to the family court proceedings there did appear remotely. Noting

2

Father's failure to appear, and adding that "Kentucky has an open case in which it has determined Kentucky is the home state," the superior court found Father abandoned his FC case petition and dismissed it. Father moved to reconsider and reinstate the FC case and then filed a notice of appeal. The superior court then denied the motion to reconsider and reinstate, stating it lost jurisdiction after the filing of the notice of appeal.

¶6         Back in the OOP case, Father failed to appear at the May 6, 2025 evidentiary hearing. Finding Father had notice and failed to appear without good cause shown, the court dismissed the OOP case. As with the FC case, in the OOP case, Father filed a motion to reconsider and reinstate, followed by a notice of appeal. The record reveals no order addressing his post-dismissal motion.

¶7         This court has jurisdiction over Father's timely appeals under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) (2026).[1]

## DISCUSSION

¶8         Father's opening briefs fail to comply with ARCAP 13, including failing to cite "legal authorities and appropriate references to the portions of the record on which [he] relies." ARCAP 13(a)(7)(A). Such deficiencies typically constitute a waiver. *See Ramos v. Nichols*, 252 Ariz. 519, 523 ¶¶ 10-11 (App. 2022) (citing cases). Father also failed to provide any transcripts from the hearings in the FC or OOP cases, and this court will presume a missing transcript would have supported the superior court's rulings. *See Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014) (citing cases). Although Mother filed an answering brief in the appeal in the FC case, she failed to do so in the OOP case, which also typically constitutes a confession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994) (citing cases). Notwithstanding these deficiencies, because the best interests of young children are at issue, the court looks to the merits of Father's arguments on appeal.

## I.     The Superior Court Properly Dismissed the FC Case.

¶9         Father makes various factual allegations regarding Mother and the children in the FC case. In doing so, however, he fails to assert that those issues are not, or cannot be, addressed in the pending family court case in Kentucky involving the same parties and issues. Under the Uniform

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

Child Custody Jurisdiction and Enforcement Act (UCCJEA), adopted in Arizona and Kentucky, the home state of a child has jurisdiction to address an initial child custody determination. A.R.S. § 25-1031(A)(1); *accord* Ky. Rev. Stat. Ann. § 403.822(1)(a) (West 2025). Here, the record shows that Kentucky is the home state for the children, A.R.S. § 25-1002(7); *accord* Ky. Rev. Stat. Ann. § 403.800(7) (West 2025), and that the Kentucky court issued the initial child custody determination for the children, A.R.S. § 25-1002(8); *accord* Ky. Rev. Stat. Ann. § 403.800(8) (West 2025). Accordingly, Kentucky has exclusive, continuing jurisdiction of custody determinations, absent a statutory exception. A.R.S. § 25-1032(A); *accord* Ky. Rev. Stat. Ann. § 403.824(1) (West 2025).

**¶10**		Given the pre-existing custody determination by the Kentucky court, it has continuing, exclusive jurisdiction unless: (1) the Kentucky court relinquishes jurisdiction or (2) all participants move out of Kentucky. A.R.S. § 25-1033; *accord* Ky. Rev. Stat. Ann. § 403.826 (West 2025). Neither of those conditions have been met, meaning the Kentucky court continues to have exclusive jurisdiction. Moreover, apart from this UCCJEA obstacle, Father has failed to show that the superior court erred in concluding that his failure to appear at the properly noticed April 30, 2025 hearing, without good cause shown, was error. *See* Ariz. R. Fam. Law P. 76.2.

**¶11**		For these reasons, on this record, Father has shown no error in the superior court dismissing his FC case petition.

## II.		The Superior Court Properly Dismissed the OOP Case.

**¶12**		Father contends that the court erred in dismissing the OOP case because "[i]f neither party appears for the contested hearing, and each party received actual notice, the hearing will be vacated, and the protective order will remain in effect." Ariz. R. Prot. Order P. 38(f)(3). But the record shows Mother appeared at the May 6, 2025 evidentiary hearing in the OOP case. In those circumstances (where defendant appears and plaintiff fails to appear without good cause shown), "the protective order will be dismissed." Ariz. R. Prot. Order P. 38(f)(2). That is precisely what happened here.

**¶13**		Father received notice of the May 6, 2025 contested hearing. The record provided indicates that, on April 25, 2025, Father was given notice of the hearing via email and voicemail that included the hearing date, time, location and arrival instructions. Moreover, Father notes in his motion for reconsideration in superior court that the person watching his children

was late, which caused him to arrive at 9:06 a.m., more than 20 minutes after the time scheduled for the hearing. In filing that motion, Father conceded he had advance notice of the scheduled hearing. On this record, Father has shown no error in the superior court dismissing the OOP case.

**¶14** Father next avows that the evidence submitted to the court via the CaseCenter portal before the hearing "proved by a preponderance of [the] evidence," that the court "should have continued the court date to another date instead of dismissing the case." In support of this, Father alleges Mother failed to appear and "never provided any documentation, exhibits, answers, or evidence, in re[gard] of her defense." Again, however, Mother appeared at the hearing. To the extent Father argues the court should have weighed the evidence differently, this court does not reweigh evidence on appeal and gives "due regard to the [superior] court's opportunity to judge the credibility of the witnesses." *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). The record provided supports the superior court's ruling.

**¶15** Finally, Father's equal protection arguments do not show error. Equal protection "generally requir[es] the law treat all similarly situated persons alike." *State v. Panos*, 239 Ariz. 116, 118 ¶ 7 (App. 2016) (citation omitted). There is nothing in the record to suggest that the court treated Father differently than Mother.

## CONCLUSION

**¶16** The rulings are affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR